**Francis ANDERSON, Plaintiff–
Appellant,**

v.

**Paul BRADNAN, Defendant–Appellee.**

No. 00–0030.

United States Court of Appeals,
Second Circuit.

June 28, 2001.

Francis Anderson, Somers, CT, pro se.

Ann E. Lynch, Assistant Attorney General, Richard Blumenthal, Attorney General, Hartford, CT, for appellee.

Present CARDAMONE, PARKER, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, Francis Anderson ("Anderson"), *pro se, in forma pauperis,* and incarcerated, appeals the decision of the United States District Court for the District of Connecticut (Margolis, M.J.), denying his motion for a preliminary injunction restricting the use of four-point restraints on him while at the Northern Correctional Institute ("NCI").

The record contains documentation submitted by Defendant Appellee, and undisputed by Anderson, establishing that Anderson was placed in four-point restraints because he either broke or bent

---

* The Honorable J. Garvan Murtha, Chief Judge, of the United States District Court for the District of Vermont, sitting by designation.

less intrusive restraints or engaged in aggressive behavior. Specifically, Anderson assaulted correctional officers on three occasions and broke or bent handcuffs. Additionally, medical reports indicate that Anderson was frequently checked by medical staff while in four-point restraints and that he has suffered trauma to his wrists such as abrasions and redness.

This Court reviews the district court's grant or denial of a preliminary injunction for abuse of discretion. *See Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996). A party seeking a preliminary injunction must show (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) "sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Forest City Daly Housing, Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999).

The district court did not abuse its discretion in determining that Anderson failed to show that he would be irreparably harmed in the absence of an injunction. Therefore, the district court's decision is affirmed.

For the reasons set forth above, the judgment of the district court is AFFIRMED.